**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CARL E. TURNER,                                   CASE NO. 2:06-cv-700
                                                  JUDGE SARGUS
      Petitioner,                              MAGISTRATE JUDGE KING

v.

TIMOTHY BRUNSON, Warden,

      Respondent.

<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant

to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of

writ, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge

**RECOMMENDS** that this action be **DISMISSED.**

**I.  FACTS AND PROCEDURAL HISTORY**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of

this case as follows:

> Appellant met Erma Jean Pride in May 2003, when he rented a car
> from a car rental agency at which Pride worked. Pride and appellant
> went on three dates, which included dinner at a restaurant, a movie,
> and dinner at Pride's home. On one occasion, appellant brought Pride
> lunch at work and kissed her on the lips. Pride later told appellant that
> the gesture was inappropriate, and the two shared no further physical
> intimacy.
>
> On June 10, 2003, appellant asked if he could come to Pride's house
> that evening. Pride accepted, but told appellant to be there by 7:00
> p.m. Appellant called Pride at approximately 9:40 p.m., and asked if
> he could still come over. After initially saying no, Pride agreed when
> appellant told her that he would not stay long. Pride testified that
> appellant arrived at her house at approximately 10:00 p.m. Pride

testified that appellant entered her apartment, lay on the living room floor, and asked her to join him. Pride, who was sitting on a chair, said no and then got up to go into the kitchen. Pride testified that, as she passed appellant, he grabbed her by the arms and pulled her to the floor. He then got on top of her and pinned her down. Pride asked appellant several times to let her go and nudged him, but appellant would not get off of her.

While on top of her, appellant began talking about marriage and having children. He then grabbed her chin and, although she tried to turn her head away, appellant kissed her. Pride also testified that appellant touched her breasts. After approximately 20 minutes, appellant got off her; however, as she got up, appellant touched her vaginal area over her clothing. Once on her feet, Pride expressed her anger to appellant. Appellant then got up and lifted Pride over his shoulder, but Pride began to kick and scream, so he let her down. Pride ran out the front door and told appellant to leave. For one to five minutes, Pride commanded appellant to leave the house, and appellant eventually left.

After leaving, at 10:39 p.m., appellant called Pride and asked if he could return to pick up some papers he left there. Pride told him he had not left anything. He called again at 10:43 p.m., to make sure he had not left anything there. He called again at 11:08 p.m., but Pride did not remember this call at trial.

Pride then called her neighbor, Doreen, who did not answer her phone. She then called Theodore King, who came to her apartment. After hearing the story, King suggested they look on a government website to see if appellant had ever engaged in similar conduct. King found appellant's name and picture on the website for having committed a prior offense. Pride then called the police, and her friend Doreen came to the apartment.

Appellant was charged with kidnapping, a first-degree felony, and gross sexual imposition, a fourth-degree felony. On January 21, 2003, a bench trial was held. After the close of the state's case-in-chief, appellant moved for acquittal, pursuant to Crim.R. 29, which the court overruled. The court eventually found appellant guilty of second-degree kidnapping and gross sexual imposition. A sentencing hearing was held, at which the trial court sentenced appellant to four years incarceration for the kidnapping count and a concurrent sentence of one year incarceration on the gross sexual imposition count. Appellant was also later found to be a sexual predator.

2

*State v. Turner*, 2004 WL 7830785 (Ohio App. 10th Dist. December 9, 2004), Exhibit 9 to Return

of Writ. Represented by new counsel, petitioner filed a timely appeal. He raised the following

assignments of error:

> I. THE TRIER OF FACT'S DECISION WAS NOT SUPPORTED
> BY THE EVIDENCE PRESENTED AT TRIAL AND THUS
> INEQUITABLE AS AGAINST THE MANIFEST WEIGHT OF
> THE EVIDENCE, AS WELL AS INSUFFICIENT TO SUSTAIN A
> CONVICTION OF KIDNAPPING AND GSI BEYOND A
> REASONABLE DOUBT.
>
> II. THE PROSECUTOR FOR THE STATE OF OHIO
> COMMITTED PROSECUTORIAL MISCONDUCT DURING
> CLOSING ARGUMENTS BY MAKING AN IMPROPER
> STATEMENT OF PERSONAL OPINION AND REFERRED TO
> FACTS THAT WERE NOT IN EVIDENCE, WHICH VIOLATED
> THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS.
>
> III. THE DEFENDANT-APPELLANT WAS DENIED HIS RIGHT
> TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL
> COUNSEL'S NUMEROUS ACTS AND OMISSIONS IN
> CONTRAVENTION OF THE SIXTH AND FOURTEENTH
> AMENDMENTS TO THE UNITED STATES CONSTITUTION,
> AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.
>
> IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
> DEFENDANT-APPELLANT IN OVERRULING APPELLANT'S
> MOTION FOR ACQUITTAL UNDER CRIMINAL RULE 29(A)
> SINCE THE STATE FAILED TO SATISFY ITS BURDEN OF
> PROOF ON THE CHARGES.

*Id.* On December 9, 2004, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner

never filed a timely appeal to the Ohio Supreme Court; however, on March 1, 2006, he filed a

motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a).[1]

_____

[1] Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a) provides:

In a felony case, when the time has expired for filing a notice of appeal in the

Exhibits 10 and 11 to Return of Writ.  On April 12, 2006, the Ohio Supreme Court denied the motion for delayed appeal.  Exhibits 12 and 13 to Return of Writ.

On November 12, 2004, petitioner filed a *pro se* petition for post conviction relief in the state trial court.  He raised the following claims:

> 1.  Ineffective assistance of counsel.
>
> A.  Trial counsel failed to hire a private investigator.
>
> B.  Defendant did not make a knowing, voluntary and intelligent decision to waive the right to jury trial.

Exhibit 14 to Return of Writ.  On February 2, 2005, the trial court denied the petition.  Exhibit 15 to Return of Writ.  Petitioner filed a timely appeal, raising the following sole assignment of error:

> The trial court erred to the prejudice of appellant when the trial court dismissed appellant's claim of ineffective assistance of counsel.

Exhibit 16 to Return of Writ.  On December 27, 2005, the appellate court affirmed the trial court's dismissal of petitioner's post conviction petition.  Exhibits 19 and 20 to Return of Writ. Petitioner filed a timely appeal to the Ohio Supreme Court in which he again raised the same proposition of law.  Exhibit 22 to Return of Writ.  On April 26, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Exhibit

---

Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.

23 to Return of Writ.

Meanwhile, on March 10, 2005, petitioner filed a delayed application to reopen the appeal

pursuant to Ohio Appellate Rule 26(B).[2]  He asserted the ineffective assistance of appellate counsel

for failure to raise the following issues on appeal:

> 1.  Trial counsel was ineffective for failing to call appellant's two
> additional alibi witnesses in the trial of this cause.

> 2.  Appellate counsel's performance fell below an objective standard
> of reasonableness prejudicing appellant's appeal and but for
> counsel's errors, the proceedings in appellant's appeal would have
> been different in the instant cause of action.

Exhibit 25 to Return of Writ.  On June 14, 2005, the appellate court denied petitioner's Rule 26(B)

application.  Exhibit 28 to Return of Writ.  Petitioner filed a timely appeal to the Ohio Supreme

Court; however, on October 12, 2005, the Ohio Supreme Court dismissed the appeal as not

involving any substantial constitutional question.  Exhibit 33 to Return of Writ.

On January 13, 2006, petitioner filed a successive petition for post conviction relief in the

state trial court in which he asserted the ineffective assistance of trial counsel due to his attorney's

failure to file a timely notice of alibi defense.  Exhibit 35 to Return of Writ.  On August 15, 2006,

the trial court denied the motion.  Exhibit 37 to Return of Writ.  Again, petitioner filed a timely

appeal.  He raised the following assignments of error:

> [I.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
> BY DENYING THE DEFENDANT-APPELLANT'S PETITIONS
> FOR POSTCONVICTION RELIEF WITHOUT CONDUCTING AN

---

[2]  Petitioner filed his Rule 26(B) application one day late.  *See* Exhibit 28 to Return of
Writ.

EVIDENTIARY HEARING BASED UPON PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

[II.] APPELLANT'S [sic] DID NOT RECEIVED [sic] THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AMENDMENT WHEN HIS TRIAL COUNSEL FAILED TO FILE TIMELY NOTICE OF WRITTEN ALIBI, PURSUANT TO RULE 12.1.

*State v. Turner,* 2007 WL 927229 (Ohio App. 10th Dist. March 29, 2007), Exhibit 40 to Return of Writ. On March 29, 2007, the appellate court affirmed the judgment of the trial court. *Id.* This Court is unable to determine from the record whether petitioner ever filed a timely appeal of the appellate court's decision to the Ohio Supreme Court.

On August 15, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The trier of fact's decision was not supported by the evidence and thus, against the manifest weight of evidence.
>
> 2. Prosecutorial misconduct and personal opinion referred to facts not admitted into evidence.
>
> 3. Petitioner did not receive effective assistance of counsel.
>
> 4. The trial court erred to the prejudice of petitioner in overruling his motion for acquittal.

It is the position of the respondent that petitioner's claims are either unexhausted or procedurally defaulted. This Court concludes that petitioner's claims are procedurally defaulted.

## II. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This

7

"cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that his convictions were against the manifest weight of the evidence, and that there was constitutionally insufficient evidence to sustain his convictions. In claim two, petitioner asserts that he was denied a fair trial due to prosecutorial misconduct because the prosecutor allegedly improperly referred to facts not in evidence and stated his personal opinion in closing argument. In claim three, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to prepare alibi witness Timothy Terry for trial, failed to object to questions that elicited prejudicial hearsay answers, failed to object to improper comments and a misstatement of fact by the prosecutor during closing argument, made illogical and unconvincing statements throughout trial, and demonstrated a general lack of skill during trial. In claim four, petitioner asserts that there was insufficient evidence to convict him on gross sexual imposition or kidnapping, and that the trial court therefore should have granted his motion for judgment of acquittal. All of these claims are apparent from the face of the record and appear to have been properly raised on direct appeal; however, petitioner failed to timely appeal the appellate court's decision denying his appeal to the Ohio Supreme Court, and the Ohio Supreme Court summarily denied his motion for delayed appeal. The United States Court of Appeals for the Sixth Circuit, in *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), held that the Ohio Supreme Court's denial of a motion for delayed appeal under such circumstances "constitutes a procedural ruling sufficient to bar federal court review of [petitioner's] habeas corpus petition." *Id.* This Court

therefore likewise reaches this same conclusion here.[3]

Petitioner therefore has waived the right to present his claims for federal habeas corpus review. He can still secure review of his claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to demonstrate either cause for his procedural default or actual prejudice resulting from the alleged constitutional violation.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. Upon review of the record, this is not such a case.

The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A district judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a district judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

---

[3] Petitioner did raise other issues of ineffective assistance of counsel in his first and second petitions for post conviction relief; however, none of these claims are presented for federal habeas corpus review in this action.

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 15, 2007                                                   *s/Norah McCann King*
                                                               Norah McCann King
                                                        United States Magistrate Judge